**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4347**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT LEE BARRINGER,

        Defendant - Appellant.

_____

**No. 23-4396**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT LEE BARRINGER,

        Defendant - Appellant.

_____

**No. 23-4608**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ROBERT LEE BARRINGER,

Defendant - Appellant.

———————————

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:21-cr-00225-RJC-DCK-1)

———————————

Submitted: April 10, 2025                                  Decided: April 14, 2025

———————————

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** Ann L. Hester, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF NORTH CAROLINA, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, the district court convicted Robert Lee Barringer of Hobbs Act robbery, in violation of 18 U.S.C. § 1951; brandishing and discharging a firearm in furtherance of the robbery, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Barringer to a total of 412 months' imprisonment, within the Sentencing Guidelines range.

On appeal, Barringer's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal but questioning whether the district court erred in finding that a completed Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A) and that the Hobbs Act robbery statute does not exceed Congress's authority under the Commerce Clause. In his pro se supplemental brief, Barringer questions the constitutionality of his § 922(g)(1) conviction pursuant to *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1 (2022). The Government has elected not to file a response brief. We affirm.

As counsel concedes on appeal, both claims raised in the *Anders* brief are foreclosed by binding precedent. First, Barringer's 18 U.S.C. § 924(c) conviction predicated on a completed Hobbs Act robbery is valid. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). Likewise, in *Taylor v. United States*, 579 U.S. 301 (2016), the Supreme Court affirmed Congress's plenary power regarding the Commerce Clause and the federal government's jurisdiction over robberies affecting interstate commerce. Finally, Barringer's argument based on *Bruen* is similarly foreclosed by this court's precedent. *See*

3

*United States v. Hunt*, 123 F.4th 697, 702-08 (4th Cir. 2024), *petition for cert. filed*, No. 24-6818 (U.S. Mar. 20, 2025).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Barringer, in writing, of the right to petition the Supreme Court of the United States for further review.  If Barringer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Barringer.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*